IN THE COUNTY COURT OF THE THIRTEENTH JUDICIAL CIRCUIT
IN AND FOR HILLSBOROUGH COUNTY, FLORIDA
CIVIL SMALL CLAIMS DIVISION

| | |
|---|---|
| **Melissa Adams** *Plaintiff*, vs. **Commonwealth Financial Systems, Inc.** and **Pendrick Capital Partners II, LLC**, *Defendants*. | Case No.: _____ Section: _____ Ad Damnum: $1,000 + Atty Fees & Costs **Jury Trial Demanded** |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**COMES NOW** the Plaintiff, **Melissa Adams**, ("**Ms. Adams**"), by and through her attorneys, Seraph Legal, P.A., and complains of the Defendants, **Commonwealth Financial Systems, Inc.**, ("**Commonwealth**") and **Pendrick Capital Partners II, LLC** ("**Pendrick**") (collectively, "**Defendants**"), stating as follows:

**PRELIMINARY STATEMENT**

1. This is an action brought by Ms. Adams against the Defendants for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et. seq.* ("**FDCPA**").

**JURISDICTION AND VENUE**

2. Jurisdiction arises under the FDCPA, 15 U.S.C. § 1692k(d), and Section 34.01, Florida Statutes.

3. The Defendants are subject to the provisions of the FDCPA and are subject to the jurisdiction of this Court pursuant to Section 48.193, Florida Statutes.

4. Venue is proper in Hillsborough County, Florida because the acts complained of were committed and / or caused by the Defendants within Hillsborough County.

## PARTIES

5. **Ms. Adams** is a natural person residing in Valrico, Hillsborough County, Florida and is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3).

6. **Commonwealth** is a Pennsylvania corporation with a primary business address of **245 Main Street, Dickson City, PA 18519**.

7. Commonwealth is registered to conduct business in the state of Florida where its registered agent is **C T Corporation System, 1200 South Pine Island Road, Plantation, FL 33324**.

8. Commonwealth is licensed by the State of Florida as a Consumer Collection Agency ("**CCA**") under license number **CCA9904088.**

9. **Pendrick** is a Delaware limited liability company with a primary business address of **1714 Hollinwood Drive, Alexandria, VA 22307**.

10. Pendrick is registered to conduct business in the state of Florida, where its registered agent is **C T Corporation System, 1200 South Pine Island Road, Plantation, Florida 33324**.

11. Pendrick is licensed as a CCA by the Florida Office of Financial Regulation and holds license number **CCA9902797**.

12. The Defendants are "debt collectors" within the meaning of the FDCPA and FCCPA, 15 U.S.C. § 1692a(6) and Section 559.55(7), Florida Statutes, respectively, in that they use postal mail or some other instrumentality of commerce, both interstate and within the state of Florida, for their businesses, the principal purposes of which are the collection of debts. Alternatively, they regularly collect or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

## FACTUAL ALLEGATIONS

### The Debt/Debts

13. On May 18, 2015, Ms. Adams allegedly incurred a debts of $1,580 and $1,703 to Valencia Emergency Physicians ("**Valencia**"), an emergency medicine contractor at Brandon Regional Hospital for emergency medical services rendered to her minor child ("**the Debt**").

14. Ms. Adams' child suffered a dislocated shoulder, causing her child discomfort, but was not in any way extreme or life-threatening.

15. Thus, the medical issue did not present any unusual or idiosyncratic challenges for a medical doctor to evaluate.

16. The American Medical Association has established the Current Procedural Terminology ("**CTP**") edition of standardized codes, used by most medical professionals for billing purposes.

17. Emergency medical evaluations, usually done in a hospital's Emergency Room, are rated from 1 (least severe) to 5 (mot severe).

18. After Ms. Adam's son was treated, Valencia later billed Ms. Adams for a "level 5 emergency evaluation and management," which was performed by a "Dr. Glikin." Valencia billed the service as CPT Code 99285. **SEE PLAINTIFF'S EXHIBIT A.**

19. CPT Code 99285 is defined as "Emergency department visit for the evaluation and management of a patient, which requires these 3 key components within the constraints imposed by the urgency of the patient's clinical condition and/or mental status: A comprehensive history; A comprehensive examination; and Medical decision making of high complexity. Counseling and/or coordination of care with other physicians, other qualified health care professionals, or agencies are provided consistent with the nature of the problem(s) and the patient's and/or family's

3

needs. Usually, the presenting problem(s) are of high severity and pose an **immediate significant threat to life or physiologic function**." (Emphasis added.)

20. Other than in extraordinary circumstances, inapplicable hereto, a dislocated shoulder would not meet the definition of a "level 5" emergency.

21. Valencia bills its highest rate for level 5 emergencies, with a lower rate for a level 4, an even lower rate for level 3, and so forth.

22. Ms. Adams was also billed $1,580 for CPT code 23650, which Valencia described as "RED SHOULDER DISLOCATION." The services were performed by the same "Dr. Gilkin." **SEE PLAINTIFF'S EXHIBIT A.**

23. Upon information and belief, no coordination with other physicians was required or even attempted, one of the key components of justification of billing a "level 5" emergency.

24. Ms. Adams provided Brandon Regional and Valencia with her United Healthcare medical insurance information.

25. For unknown reasons, on information and belief, Valencia did not seek to obtain payment from Ms. Adams's insurance carrier.

26. Valencia claimed Ms. Adams failed to provide sufficient information – the exact information requested is unknown to Ms. Adams – and as a result of this, United Healthcare failed to pay any claim.

27. Ms. Adams disputes failing to provide any required information to Valencia or its agents.

28. Later, Valencia billed Ms. Adams directly for a combined $3,283: $1703 for the purported "level 5" emergency evaluation and $1,580 for treatment of the dislocated shoulder (the "Debt").

29. The Debt arose from services which were for family, personal, or household purposes, specifically personal medical treatment, and therefore meets the definitions of debt within the FDCPA, 15 U.S.C. § 1692a(5).

30. The debt did not arise from a written contract between Valencia and Ms. Adams.

31. The statute of limitations in Florida for a legal or equitable action on a contract, obligation, or liability *not founded on a written instrument* is four years. *See* Fla. Stat. § 95.11(3)(k) (2018).

32. Thus, the statute of limitations for a legal action to enforce the Debt ran in May 2019.

33. At some point after May 2015, Valencia sold the Debt to Pendrick.

34. Around May 2019, Pendrick assigned the $1703 debt relating to the purported "level 5" emergency evaluation to Commonwealth for collection. At some point after this, it also assigned the $1,580 debt to Commonwealth for collection.

### Commonwealth Sends $0 Invoices Which Claim Debts Are Owed

35. At various points in time, Ms. Adams disputed the Debt to Commonwealth.

36. In January 2021, Commonwealth mailed two collection letters to Ms. Adams in connection with the collection of the Debt. **SEE PLAINTIFF'S EXHIBIT A.**

37. The letter stated "This is an attempt to collect a debt and any information obtained will be used for that purpose. This is a communication from a debt collector." *Id*

38. The Letter also stated, "Please, contact me once you receive this information to discuss further." *Id.*

39. The Letter stated "Current Balance: $1,580.00." *Id.*

5

40. The Letter included the following paragraph:

> The amount owed shown on the enclosed bill shows zero because your account has been charged off as a delinquent account. This does not mean the amounts charged are not due, or that you have a zero balance. *Id*.

41. Commonwealth included with the Letter a Statement of Account from Valencia which listed "Amount You Owe: $0.00" in two separate places, as well as "Current Patient Responsibility: $0.00," "Amount Due: $0.00," and "Pay $0.00." *Id*.

42. Despite the "explanation" described in paragraph 38, *supra*, Commonwealth's claim that $1,580 was owed while simultaneously including a Statement of Account showing, in five (5) places, an amount owed of $0.00 would confuse, mislead and disadvantage the unsophisticated consumer in making a determination as to what step(s), if any, she should take regarding the Debt.

43. Additionally, many consumers, even more-sophisticated ones, interpret the phrase "charged off" to mean the debt had been written off, or forgiven, by the original creditor.

44. *Black's Law Dictionary* defines charge-off as "an accounting term where one item is eliminated from an assets list when it is lost or is deemed to be worthless."

45. Indeed, even the underwriting guidelines utilized by the Federal Housing Administration ("**FHA**") for evaluating consumer credit histories **exempts** accounts reported as charge-offs, since their guidelines state that a charge-off indicates that the creditor has written off the debt and is not pursuing payment.

46. Thus, a communication which claims a debt was "charged off" without disclosing that the term "charged off" does not mean the debt was written off or forgiven would mislead and confuse an unsophisticated consumer, who would believe the debt collector was attempting to collect a debt that the original creditor had already forgiven.

6

47. "[A] collection notice is deceptive when it can be reasonably read to have two or more different meanings, one of which is inaccurate." *Russell v. Equifax A.R.S.*, 74 F.3d 30, 35 (2d Cir. 1996).

48. At no point in any of the 2021 communications did Commonwealth disclose that, due to the age of the Debt, Ms. Adams could not be sued for it.

49. The failure by a debt collector to disclose a debt is time-barred is materially misleading since it impacts the consumer's ability to chart a course of action to take concerning the debt. See, e.g., *Tatis v. Allied Interstate, LLC*, 882 F.3d 422, 425, 428-30 (3d Cir. 2018); *Pantoja v. Portfolio Recovery Associates, LLC*, 852 F.3d 679, 684, 687 (7th Cir. 2017); *Daugherty v. Convergent Outsourcing, Inc.*, 836 F.3d 507, 509 (5th Cir. 2016); Buchanan v. Northland Group, Inc., 776 F.3d 393, 395, 399-400 (6th Cir. 2015); and *McMahon v. LVNV Funding, LLC*, 744 F.3d 1010, 1020 (7th Cir. 2014).

50. The mailing of multiple letters, regarding multiple debts, showing these same issues demonstrates this was not the result of *bona fide* error, but rather reflected procedures intended to <u>create</u> this exact issue.

51. Commonwealth reported the bogus debt of $1,703 for the purported "level 5," life-and-death emergency evaluation to multiple consumer credit reporting agencies ("**CRAs**"), including Equifax and Experian.

52. Commonwealth reported the Debt to the CRAs as recently as December 2020.

53. Reporting a debt to a CRA is an attempt to collect the debt alleged therein and is a "communication" as that term is defined by 15 U.S.C. § 1692a(2).

54. At all times relevant Commonwealth was acting as Pendrick's agent and within the scope of its authority.

7

55. Pendrick, as principal, is jointly and severally liable for the actions of its agent, Commonwealth.

56. Ms. Adams has hired the aforementioned law firm to represent her and has assigned said firm her right to the reasonable fees recoverable under the statutes.

## COUNT I
## VIOLATIONS OF THE FDCPA

57. Ms. Adams adopts and incorporates paragraphs 1 – 56 as if fully restated herein.

58. The Defendants violated 15 U.S.C. **§ 1692e(2)(a)** when Commonwealth made a false representation about the character and amount of a Debt by claiming that $1,703 and $1,580 were owed and then enclosing a Statement of Account showing $0.00 as owed in five (5) separate places, and when it referred to the debt as "charged off," plausibly meaning not owed, and yet demanded payment. This subsection subjects a debt collector to strict liability for violation; see *Randolph v. IMBS, Inc.*, 368 F.3d 726, 730 (7th Cir. 2004) ("[Section] 1692e(2)(A) creates a strict-liability rule. Debt collectors may not make false claims, period.").

59. The Defendants violated 15 U.S.C. § **1692e and 1692e(10)** in that Commonwealth, as an agent for Pendrick, made false and misleading representations in an attempt to collect a debt and/or obtain information about Ms. Adams by claiming that $1,703 and $1,580 were owed and then enclosing a Statement of Account showing $0.00 as owed in five (5) separate places, and when it referred to the debt as "charged off," plausibly meaning not owed, and yet demanded payment. The Defendants also sent multiple collection letters on time-barred debt without disclosure the Debt was time-barred and that Ms. Adams could not be sued.

60. The Defendants violated 15 U.S.C. § **1692e and 1692e(10)** in that Commonwealth, as an agent for Pendrick, made false and misleading representations in an attempt to collect a debt

8

by claiming Ms. Adams owed $1,703 for a "level 5" emergency evaluation, something which, pursuant to CPT Code 99285 required the sustained injury to be life-threatening and required consultation with other physicians, when the injury was a dislocated shoulder -- far life-threatening -- and required no consultation with other physicians. As such, the amount claimed as owed was vastly over-billed. The Defendants were aware the "level 5" evaluation was misrepresented – or should have been – since they were also in possession of the second invoice showing the purported "life threatening" injury was a simple dislocated shoulder. Beyond this, Ms. Adams provided her valid United Healthcare policy to Valencia which would have covered any reasonable claim presented by Valencia, the original creditor.

61.     Pendrick violated 15 U.S.C. § **1692f(1)** when it attempted to collect amounts not authorized by contract or law, to wit, $1,703 for a "level 5" emergency evaluation when services rendered were of significantly lower priority and, as such, less costly.

62.     The Defendants' conduct renders them liable for the above-stated violations of the FDCPA.

**WHEREFORE,** Ms. Adams respectfully requests this Honorable Court enter judgment against the Defendants, jointly and severally, for:

    a.      Statutory damages of **$1,000.00**, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    b.      Unspecified actual damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    c.      Reasonable costs and attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3); and,

    d.      Such other relief that this Court deems just and proper.

### JURY TRIAL DEMANDED

Ms. Adams demands a jury trial on all issues so triable.

Respectfully submitted January 28, 2021, by:

/s/ *Thomas M. Bonan*
Thomas M. Bonan, Esq.
Florida Bar Number: 118103
Seraph Legal, P. A.
1614 N. 19th St.
Tampa, FL 33605
(813) 567-1230
Tbonan@SeraphLegal.com
Attorney for Plaintiff

# EXHIBIT A
## Collection Letters Sent in January 2021 - Redacted



**COMMONWEALTH FINANCIAL SYSTEMS, INC.**

245 Main Street Dickson City, PA 18519
Telephone: 1-800-848-2170
www.cfsi-arm.com

Date: 1/6/2021

| | |
|---|---|
| CFSI Ref #: | REDACTED |
| Original Creditor: | VALENCIA EMERG PHYS LLC |
| Original Account: | REDACTED |
| Amount Due: | $1,580.00 |
| Service Date: | 5/18/2015 |
| Current Creditor: | Pendrick Capital Partners II LLC |

MELISSA ADAMS
REDACTED

Attached is an itemized statement that you requested regarding the above identified debt that has been placed in our office for collection.

The amount owed shown on the enclosed bill shows zero because your account has been charged off as a delinquent account. This does not mean that the amounts charged are not due, or that you have a zero balance. The amount due is reflected above in the current balance.

This statement may not reflect payments made either by you or any insurance company after the service date.

Please contact me once you receive this information to discuss further.

Sincerely,
Liz Kelly
Liz Kelly Ext. 114
Collections Representative

This is an attempt to collect a debt and any information obtained will be used for that purpose.

This is a communication from a debt collector.

11

# EXHIBIT A
## Collection Letters Sent in January 2021 - Redacted

VALENCIA EMERG PHYSICIANS, LLC
PO BOX 38045
PHILADELPHIA, PA
REDACTED

RDN

**STATEMENT OF ACCOUNT** (2) Page 1

Statement Date: 01/08/21

Account Number: REDACTED32
Patient Name: REDACTED
Access Code: REDACTED

MELISSA C ADAMS
REDACTED

Due Date: PAST DUE
Amount You Owe: $0.00

YOUR ACCOUNT IS NOW SERIOUSLY PAST DUE, AND A DELINQUENCY REVIEW IS BEING CONDUCTED.

Pay Online
WWW.MYMEDICALPAYMENTS.COM
1-800-355-2470 MON-FRI 9:30AM - 4:00PM

Services provided at:

BRANDON REGIONAL HOSPITAL - 119 OAKFIELD DRIVE - BRANDON FL 33511-5779

| Date of Service | CPT Code | Description | Provider | Charges | Payments or Adjustments | Explanation | Amount You Owe |
|---|---|---|---|---|---|---|---|
| 05/18/2015 | 23650 | RED SHOULDER DISLOCATION | DR. GLIKIN | $1,580.00 | $1,580.00 | 1,2 | $0.00 |

1. INSURANCE CLAIM DENIED - REQUESTED INFO NOT PROVIDED
2. COLLECTION BAD DEBT

Total Charges: $1,580.00
Current Patient Responsibility: $0.00

Insurance Information:
Insurance 1: UNITEDHEALTHCARE - UNITEDHEALTHCARE

PLEASE DETACH AND RETURN BOTTOM PORTION WITH YOUR REMITTANCE.
Pay Online
WWW.MYMEDICALPAYMENTS.COM

Statement Date: 01/08/21
Account Number: REDACTED 632
Patient Name: REDACTED

Payment Due By: PAST DUE
Amount Due: $0.00
Amount Enclosed:

PAY $0.00 BY DUE DATE

Guarantor:

MELISSA C ADAMS
2814 PANKAW LN
VALRICO, FL 33596

1804140007248414632000000000000000000001

If your address has changed, check this box and complete the reverse side of this form.

Make Check/Money Order payable to:

VALENCIA EMERG PHYSICIANS, LLC RDN
PO BOX 38045
PHILADELPHIA, PA 19101-8045



# EXHIBIT A
## Collection Letters Sent in January 2021 - Redacted



**COMMONWEALTH FINANCIAL SYSTEMS, INC.**

245 Main Street Dickson City, PA 18519
Telephone: 1-800-848-2170
www.cfsi-arm.com

Date: 1/6/2021

| | |
|---|---|
| CFSI Ref #: | REDACTED |
| Original Creditor: | VALENCIA EMERG PHYS LLC |
| Original Account: | REDACTED |
| Amount Due: | $1,703.00 |
| Service Date: | 5/18/2015 |
| Current Creditor: | Pendrick Capital Partners II LLC |

MELISSA ADAMS
REDACTED

Attached is an itemized statement that you requested regarding the above identified debt that has been placed in our office for collection.

The amount owed shown on the enclosed bill shows zero because your account has been charged off as a delinquent account. This does not mean that the amounts charged are not due, or that you have a zero balance. The amount due is reflected above in the current balance.

This statement may not reflect payments made either by you or any insurance company after the service date.

Please contact me once you receive this information to discuss further.

Sincerely,

Linda Williams
Linda Williams Ext. 262
Collections Representative

This is an attempt to collect a debt and any information obtained will be used for that purpose.

This is a communication from a debt collector.

13

# EXHIBIT A
## Collection Letters Sent in January 2021 - Redacted

VALENCIA EMERG PHYSICIANS, LLC
PO BOX 38045
PHILADELPHIA, PA 19101-8045

RDN

**STATEMENT OF ACCOUNT** (2) Page 1

Statement Date: 01/08/21

REDACTED

| | |
|---|---|
| Account Number: | REDACTED 632 |
| Patient Name: | REDACTED |
| Access Code: | REDACTED |

MELISSA C ADAMS
REDACTED

**Due Date:** PAST DUE
**Amount You Owe:** $0.00

YOUR ACCOUNT IS NOW SERIOUSLY PAST DUE, AND A DELINQUENCY REVIEW IS BEING CONDUCTED.

Pay Online
WWW.MYMEDICALPAYMENTS.COM
1-800-355-2470 MON-FRI 9:30AM - 4:00PM

**Services provided at:**
**BRANDON REGIONAL HOSPITAL - 119 OAKFIELD DRIVE - BRANDON FL 33511-5779**

| Date of Service | CPT Code | Description | Provider | Charges | Payments or Adjustments | Explanation | Amount You Owe |
|---|---|---|---|---|---|---|---|
| 05/18/2015 | 99285 | EMERG INJURY EVAL & MGMT-LVL 5 | DR. GLIKIN | $1,703.00 | $1,703.00 | 1,2 | $0.00 |

1. INSURANCE CLAIM DENIED - REQUESTED INFO NOT PROVIDED
2. COLLECTION BAD DEBT

| | |
|---|---|
| Total Charges: | $1,703.00 |
| Current Patient Responsibility: | $0.00 |

**Insurance Information:**
Insurance 1: UNITEDHEALTHCARE - UNITEDHEALTHCARE

PLEASE DETACH AND RETURN BOTTOM PORTION WITH YOUR REMITTANCE.
Pay Online
WWW.MYMEDICALPAYMENTS.COM

| | |
|---|---|
| Statement Date: | 01/08/21 |
| Account Number: | REDACTED |
| Patient Name: | |

**Payment Due By:** PAST DUE
**Amount Due:** $0.00
**Amount Enclosed:**

**PAY** $0.00 **BY DUE DATE**

Guarantor:

MELISSA C ADAMS
2814 PANKAW LN
VALRICO, FL 33596

180414000724841463200000000000000000000001

If your address has changed, check this box and complete the reverse side of this form.

**Make Check/Money Order payable to:**

VALENCIA EMERG PHYSICIANS, LLC RDN
PO BOX 38045
PHILADELPHIA, PA 19101-8045

